Lisel M. Ferguson (Bar No.207637)
lisel.ferguson@procopio.com
Soohyun Park (Bar No. 276647)
stacy.park@procopio.com
Procopio, Cory, Hargreaves
    and Savitch LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

*Attorneys for Plaintiff*,
BURGER LOUNGE OF AMERICA, LLC

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Burger Lounge of America, LLC, a Nevada limited liability company;<br><br>Plaintiff,<br><br>v.<br><br>Burger Boss LLC, a California limited liability company;<br><br>Defendant. | Case No.: **'16CV2246 BEN KSC**<br><br>**COMPLAINT FOR:**<br>**(1) FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER THE LANHAM ACT 15 U.S.C. § 1125(A);**<br>**(2) TRADEMARK INFRINGEMENT 15 U.S.C. § 1114;**<br>**(3) INJUNCTIVE RELIEF UNDER THE LANHAM ACT 15 U.S.C. § 1116;**<br>**(4) UNFAIR COMPETITION CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200;**<br>**(5) COMMON LAW UNFAIR COMPETITION; AND**<br>**(6) NEGLIGENT INTERFERENCE WITH ECONOMIC RELATIONS**<br><br>**(DEMAND FOR JURY TRIAL)** |

///

Plaintiff Burger Lounge of America, LLC ("Burger Lounge" and/or "Plaintiff") hereby alleges as follows:

## JURISDICTION AND VENUE

1. This is a Complaint for (i) false designation of origin and unfair competition pursuant to 15 U.S.C. § 1125(a) (ii) federal trademark infringement pursuant to 15 U.S.C. § 1114; (iii) injunctive relief under Lanham Act 15 U.S.C. § 1116; (iv) unfair competition arising under California Business & Professions Code § 17200 *et seq*; (v) common law unfair competition; and (vi) negligent interference with prospective economic relations.

2. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a), and 28 U.S.C. §§ 1331, 1332, 1338(a) and (b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. The Court has personal jurisdiction over Defendant because Defendant has purposely availed itself of the opportunity to conduct commercial activities in this Judicial District by advertising its restaurant on its own website and third party websites readily available to consumers in this Judicial District attempting to solicit the business of customers in this Judicial District.

4. Venue in this action properly lies in the Southern District of California under 28 U.S.C. §§ 1391 and 1400 as the Defendant provides goods and services to customers within California and this Judicial District, the Defendant has conducted business, published websites and has derived income from the sale of goods and services to the public within this Judicial District.

## PARTIES

5. Plaintiff Burger Lounge of America, LLC is a Nevada limited liability company with its principal place of business at P.O. Box 8229 La Jolla, California 92039.

DOCS 120251-000003/2647723.4

6. Plaintiff is informed and believes, and based thereon alleges, that Defendant Burger Boss LLC ("Burger Boss" and/or "Defendant") is a California limited liability company with a principal place of business at 1175 Solano Ave., Albany, California 94706.

7. Defendant is subject to the jurisdiction of this Court by virtue of its substantial contacts with California, including participation in the acts and events occurring within this District as described herein.

## ALLEGATIONS FOR ALL CLAIMS FOR RELIEF

## PLAINTIFF'S "BURGER LOUNGE" BUSINESS AND TRADEMARKS

8. Plaintiff is an owner of a grass-fed burger restaurant chain that was formed in 2007 out of the idea that a hamburger should utilize healthy ingredients produced in a sustainable environment. Since 2007, Plaintiff has developed, offered and sold premium quality grass-fed hamburgers, fries, salads, and other related foods and merchandizes that appeal to health conscious consumers.

9. Plaintiff has developed a unique brand and has spent many years and millions of dollars perfecting its brand. Plaintiff's brand includes its trademarks, logos font, color scheme, menu layout and items, restaurant interior design, advertising and signage. Plaintiff carries its brand through to all of its restaurant locations. The consuming public recognizes Plaintiff through its brand.

10. Currently Plaintiff has 20 restaurant locations in San Diego, Los Angeles, Las Vegas, Temecula (Inland Empire) and Orange County. It is currently expanding into Northern California, and additional stores in its existing markets. Plaintiff is also looking at expansion into Texas, Illinois, and Colorado.

11. Plaintiff owns multiple United States Trademark Registrations related to its "Burger Lounge" brand of products and relevant to this complaint ("Trademarks"). A list of Plaintiff's relevant Trademarks is as follows and a copy of each registration is attached hereto as Exhibits A-D.

DOCS 120251-000003/2647723.4

| United States Trademark Registration Number | Mark | Registration Date | First Use In Commerce |
|---|---|---|---|
| 4,524,349 | BURGER LOUNGE | 05/06/2014 | 7/19/2007 |
| 3,808,502 | BURGER LOUNGE PREMIUM BURGERS & Design burgerlounge PREMIUM BURGERS | 06/22/2010 | 7/19/2007 |
| 4,406,446 | BURGERLOUNGE | 09/24/2013 | 7/19/2007 |
| 4,524,350 | BURGERLOUNGE PREMIUM BURGERS PURE SIMPLE DELICIOUS & Design burgerlounge PREMIUM BURGERS Pure \| Simple \| Delicious | 05/06/2014 | 7/19/2007 |

12. Since 2007, Plaintiff has continuously utilized these Trademarks, including the tagline "PURE | SIMPLE | DELICIOUS," in relation to its burger restaurants. This tagline is registered and used in all capital letters.

13. Plaintiff also uses many unique logos which it has developed as part of its brand over the years. One of the logos which is relevant in this case is the burger and grass logo that is used in conjunction with Plaintiff's advertising and restaurant services.

14. Plaintiff has also continuously utilized these Trademarks in relation to commercial sale of its gift cards, shirts, hats and other merchandize in stores and on its website.

15. Plaintiff has continuously utilized these Trademarks on its website (http://burgerlounge.com/), and third party websites such as Facebook (https://www.facebook.com/BurgerLounge), Twitter (http://twitter.com/burger_lounge), Google Plus (https://plus.google.com/+burgerlounge), and Instagram (https://www.instagram.com/burgerlounge/) to promote, offer and sell its products

DOCS 120251-000003/2647723.4

worldwide. A copy of Plaintiff's websites are attached hereto as Exhibit E.

16. Articles regarding Plaintiff's premium quality products and environmentally responsible approach has been published in several national web-magazines such as bon appétit and CNBC. A copy of the articles are attached hereto as Exhibits F-G.

17. Throughout the United States, Plaintiff has promoted itself under its Trademarks as a provider of premium quality products using grass-fed beef, fresh ingredients, and organic produce of regional suppliers. These promotions were made through advertising, marketing, and other promotional material and on documents, business cards and other business related documentations.

18. The consuming public associates the Trademarks and all similar marks with Plaintiff and its services.

19. Plaintiff's continued and uninterrupted use of its brand and Trademarks has caused Plaintiff's brand and Trademarks to be associated with its high quality grass-fed burgers using fresh ingredients and organic produce purchased from regional suppliers. Further, Plaintiff's continued use of its brand and Trademarks in conjunction with its goods and services has created a high business reputation and established considerable goodwill in the industry for providing high quality foods and service.

20. Plaintiff has continuously written out its "BURGER LOUNGE" Mark in lower case with its custom font which has the parent font Neuropol and its tagline, "PURE | SIMPLE | DELICIOUS," in all upper case with its custom font, a distinctive feature allowing consumers and the public to distinguish Plaintiff's business from competitors and identify the signage as belonging to Plaintiff. See Exhibit H.

21. Plaintiff has also continuously used a logo portraying a burger and grass in front on its website and marketing materials to allow consumers and the public to

DOCS 120251-000003/2647723.4

associate the logo with Plaintiff's business. See Exhibit I.

## DEFENDANT'S INFRINGEMENT AND UNLAWFUL USE OF PLAINTIFF'S BRAND AND TRADEMARKS

22. Plaintiff is informed and believes, and on that basis alleges, that Defendant is engaged in the restaurant business selling among other items, burgers, fries and salads, in Orange County, California.

23. Plaintiff is informed and believes, and on that basis alleges, that Defendant was formed as a corporate entity in 2014. A copy of Defendant's corporate status with the State of California is attached hereto as Exhibit J.

24. Defendant currently operates two locations in Norco, California and Corona, California. Recently Defendant opened a restaurant in Lake Forest and Mission Viejo which are very close to Plaintiff's restaurants in Irvine and Costa Mesa.

25. Plaintiff is informed and believes, and on that basis alleges, that Defendant operates the website (http://www.burgerboss.com/) advertising its restaurants to customers nationwide. A copy of Defendant's website is attached hereto as Exhibit K.

26. Plaintiff is informed and believes, and on that basis alleges, that Defendant operates the Facebook page (https://www.facebook.com/burgerbossusa/) that promotes its restaurants and products sold in the restaurants. A copy of Defendant's Facebook page is attached hereto as Exhibit L.

27. Plaintiff is informed and believes, and on that basis alleges, that Defendant operates the Twitter page (https://twitter.com/burgerboss/) and Instagram page (http://instagram.com/burgerboss/) that promotes its restaurants and products sold in the restaurants. A copy of Defendant's Twitter and Instagram pages are attached hereto as Exhibit M.

28. In all of the above mentioned websites, Defendant uses a logo

COMPLAINT

DOCS 120251-000003/2647723.4

portraying a burger and grass in front. The outer circle of the logo includes the company name, "Burger Boss" in lower case and the tagline, "GRASSFED NATURAL GOODNESS" in upper case.

29. Defendant has blatantly copied Plaintiff's burger logo and utilized it in its own logo. Defendant has utilized blades of grass to simulate the words grass-fed which appear below Plaintiff's logo. Next, Defendant has utilized confusingly similar words BURGER BOSS and placed them in a nearly identical font as that used by Burger Lounge. Defendant has gone so far as to utilize the common lower case spelling of its mark similar to what has been done by Burger Lounge. Next, Defendant has taken Plaintiff's trademarked tagline PURE | SIMPLE | DELICIOUS and created its own confusingly similar tagline NATURAL | FRESH | GOODNESS which it places below its confusingly similar name. As can be seen from the images below BURGER BOSS is attempting to pass itself off as Burger Lounge.






30. On April 28, 2016, Plaintiff's counsel sent a cease and desist letter to Defendant, requesting Defendant cease its infringing acts. Plaintiff requested that Defendant cease using fonts, logos, store signage, and marketing materials that are confusingly similar to Burger Lounge's fonts, colors, designs and trademarks. A copy of the letter is attached hereto as Exhibit N.

DOCS 120251-000003/2647723.4

31. On May 3, 2016, Defendant's counsel responded that Defendant's Mark was created independently and that the Mark is uniquely associated with Defendant's products and services. A copy of the letter is attached hereto as Exhibit O.

32. On May 12, 2016, Plaintiff's counsel responded reaffirming her belief that Defendant's acts, including without limitations use of font and tagline, violate unfair competition laws which prevent use of similar marks, appearance of business facilities, or advertising methods in a manner which is likely to deceive purchasers regarding the origin of goods and services with intent to pass off. A copy of the letter is attached hereto as Exhibit P.

33. On May 18, 2016, Defendant's counsel reiterated that Defendant's logos and marketing materials do not violate any laws but that they would be willing to review Plaintiff's proposals. A copy of the letter is attached hereto as Exhibit Q.

34. On July 20, 2016, Plaintiff's counsel presented three proposals that Defendant 1) cease use of "Natural[1] | Fresh | Goodness", 2) change font used in marketing materials, and 3) change the burger bun and grass logo. A copy of the letter is attached hereto as Exhibit R.

35. On August 1, 2016, Defendant's counsel responded that Defendant disagrees and would not accept Plaintiff's proposals. A copy of the letter is attached hereto as Exhibit S.

36. Defendant uses the Infringing Marks and other confusingly similar advertising method on its websites, in its business, on its restaurant signage, in advertising, and through third party websites such as Facebook, Twitter, and Yelp.

37. Plaintiff is informed and believes, and thereon alleges that Defendant is using the Infringing Marks and other confusingly similar advertising method to market and sell burgers and related products similar to those offered and sold by

---

[1] In the letter, Plaintiff wrote "Natural | Fresh | Goodness" but was corrected by Defendant's counsel that the tagline is "Grassfed | Fresh | Goodness." However, Defendant is actually using both Natural | Fresh | Goodness and Grassfed | Fresh | Goodness.

8
COMPLAINT

Plaintiff under its Trademarks.

38. Plaintiff is informed and believes, and thereon alleges that the Defendant has passed their products and services off in a manner calculated to deceive Plaintiff's customers and members of the general public, and that Defendant has copied Plaintiff's Trademarks in an effort to confuse the public into believing that Defendant and Plaintiff are one and the same; or that Defendant is connected to and/or condoned by Plaintiff.

39. The natural, probable and foreseeable result of Defendant's wrongful conduct has been to deprive, and it will continue to deprive, Plaintiff of the benefits of the sale of its goods and services and to deprive Plaintiff of its goodwill, and to injure Plaintiff's relations with present and prospective customers.

40. Plaintiff is informed and believes, and based thereon alleges, that it has lost, and will continue to lose, substantial revenues from Defendant's use of the Infringing Marks and other confusingly similar advertising method to market and sell burgers and related products. Defendant's wrongful conduct will also deprive Plaintiff of the opportunity of expanding its goodwill.

41. Plaintiff is informed and believes, and based thereon alleges, that unless enjoined by this Court, Defendant will continue its current course of conduct, wrongfully using, infringing upon, selling and otherwise profiting from Plaintiff's trade name, likeness, and marketing strategies.

42. As a direct and proximate result of the acts alleged above, Plaintiff has suffered irreparable damage and lost profits. Plaintiff has no adequate remedy at law to redress all of the injuries that Defendant has caused and intend to cause by their conduct. Plaintiff will continue to suffer irreparable damage and sustain loss of profits until Defendant's actions alleged above are enjoined by this Court.

43. As a direct and proximate result of the acts alleged above, Plaintiff seeks damages to compensate it for lost profits and the loss of goodwill that

9
COMPLAINT

DOCS 120251-000003/2647723.4

Defendant has caused.

# FIRST CLAIM FOR RELIEF

## (Unfair Competition Under Lanham Act: 15 U.S.C. § 1125(a))

44. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45. Plaintiff provides high quality grass-fed burgers and related products to customers.

46. Defendant has created a false designation of origin by its multiple unauthorized acts, namely using in commerce, without Plaintiff's permission or consent, Plaintiff's Trademarks, Plaintiff's fonts, Plaintiff's color, and Plaintiff's design elements.

47. Defendant provides similar goods in the same manner using the Infringing Marks in its business, advertising, and websites. The goods and services provided by Defendant under the Infringing Marks will confuse and deceive the public into thinking that the goods sold and services provided by Defendant are Plaintiff's goods and services, or that there is some connection or affiliation between Plaintiff and Defendant.

48. The overall appearance of goods, business facilities and advertising methods, including use of logos and font, is confusingly similar Plaintiff's goods, facilities and marketing materials.

49. Defendant has committed such acts with intent to trade upon Plaintiff's reputation and goodwill by causing confusion and mistake amongst consumers and the public, and deceiving the public in to believing that Defendant's services and products are associated with, sponsored by, approved by and/or condoned by Plaintiff.

50. Defendant has further committed such acts with intent to cause confusion and mistake amongst customers and the public, deceiving the public in to

DOCS 120251-000003/2647723.4

believing that Defendant's use of Plaintiff's Trademarks and overall brand impression is associated with, sponsored by, approved by and/or condoned by Plaintiff. These acts constitute false designation of origin in violation of 15 U.S.C. §1125(a).

51. Plaintiff is informed and believes and that basis alleges, that Defendant has actual knowledge of Plaintiff's ownership and prior use of its Trademark and brand, and without the permission or consent of Plaintiff, Defendant has willfully violated 15 U.S.C. §1125(a).

52. As a result of Defendant's acts, Plaintiff will continue to suffer harm and will lose income from the sale of those goods diverted away by Defendant. Further, Plaintiff will lose goodwill because of the potentially poor quality of Defendant's goods, products, services and advertisements used in connection with Defendant's infringing products. Moreover, Defendant's infringing goods, products and services are likely to be inferior to those offered by Plaintiff, which will reflect negatively on Plaintiff, thus harming Plaintiff's business reputation. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff will be damaged, and is thus entitled to relief in an amount to be determined according to proof at the time of trial.

## SECOND CLAIM FOR RELIEF

### (Trademark Infringement: 15 U.S.C. § 1114)

53. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 52 of this Complaint as if fully set forth herein.

54. Plaintiff is the owner of United States Trademark Registration Nos. 4,524,349, 3,808,502, 4,406,446, and 4,524,350 ("Trademarks").

55. The actions of Defendants described herein constitute infringement of the Plaintiff's Trademarks in violation of 15 U.S.C. § 1114.

56. Defendant has used in commerce, without the permission or consent of

11
COMPLAINT

DOCS 120251-000003/2647723.4

Plaintiff, the phrases, BURGER BOSS, NATURAL | FRESH | GOODNESS and "GRASSFED | NATURAL | GOODNESS", which are confusingly similar to Plaintiff's Trademarks, Burger Lounge, The Original Grass-fed Burger and "PURE | SIMPLE | DELICIOUS". Defendant has infringed Plaintiff's Trademarks and created confusion of origin by utilizing similar marks in connection with the manufacture, offer for sale, sale, distribution, promotion and/or marketing of Defendant's services and products without the permission or consent of Plaintiff. Defendant's acts are designed to trade upon Plaintiff's reputation and goodwill by causing confusion and mistake among consumers and the public. Defendant's acts are also designed to deceive the public into believing that Defendant's products are associated with, sponsored by, approved by and/or condoned by Plaintiff.

57. Plaintiff is informed and believes, and on that basis alleges, that Defendant had actual knowledge of Plaintiff's ownership and use in commerce of Plaintiff's Trademarks and, without the permission or consent of Plaintiff, has willfully and intentionally violated 15 U.S.C. § 1114.

58. As a direct and proximate result of Defendant's unauthorized use of the Infringing Marks, Defendant has damaged and will continue to damage Plaintiff's goodwill and reputation, and has caused and is likely to continue causing Plaintiff a loss of sales and profits. Defendant's actions have caused and will continue to cause irreparable harm to Plaintiff and to the public, who is confused by Defendant's unauthorized use of the Plaintiff's Trademarks, and unless restrained and enjoined by this Court Defendant's harm will continue. Plaintiff has no adequate remedy at law to prevent Defendant from continuing its infringing actions and from injuring Plaintiff.

59. As a further direct and proximate result of Defendant's actions, Plaintiff has been damaged and will continue to sustain damage and is entitled to receive compensation arising from its lost sales, lost profits, and efforts necessary to

minimize and/or prevent customer confusion, in an amount to be proven at the time of trial. In addition, Plaintiff is entitled to disgorge Defendant's profits, and is entitled to interest and to its attorney's fees and costs incurred in bringing this action, all in an amount to be proven at the time of trial. Plaintiff is further entitled to injunctive relief requiring Defendant to cease use of the Infringing Marks, and to all other and further forms of relief this Court deems appropriate.

60. The damages sustained by Plaintiff as a result of the conduct alleged herein should be trebled in accordance with 15 U.S.C. § 1117(b).

### THIRD CLAIM FOR RELIEF

### (Unfair Competition Under Lanham Act: 15 U.S.C. § 1125(a))

61. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 60 of this Complaint as if fully set forth herein.

62. Plaintiff provides high quality grass-fed burgers and related products to customers.

63. Defendant provides similar goods in the same manner using the Infringing Marks in its business, advertising, and websites. The goods and services provided by Defendant under the Infringing Marks will confuse and deceive the public into thinking that the goods sold and services provided by Defendant are Plaintiff's goods and services, or that there is some connection or affiliation between Plaintiff and Defendant.

64. The overall appearance of goods, business facilities and advertising methods, including use of logos and font, is confusingly similar Plaintiff's goods, facilities and marketing materials.

65. As a result of Defendant's acts, Plaintiff will continue to suffer harm and will lose income from the sale of those goods diverted away by Defendant. Further, Plaintiff will lose goodwill because of the potentially poor quality of Defendant's goods, products, services and advertisements used in connection with

13
COMPLAINT

DOCS 120251-000003/2647723.4

Defendant's infringing products. Moreover, Defendant's infringing goods, products and services are likely to be inferior to those offered by Plaintiff, which will reflect negatively on Plaintiff, thus harming Plaintiff's business reputation. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff will be damaged, and is thus entitled to relief in an amount to be determined according to proof at the time of trial.

## FOURTH CLAIM FOR RELIEF

**(Injunctive Relief Under Lanham Act: 15 U.S.C. § 1116)**

66. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 65 of this Complaint as if fully set forth herein.

67. Plaintiff is informed and believes, and based thereon alleges, that Defendant knowingly and willfully copied and is using Plaintiff's Trademarks, goods and service likeness in its advertising, websites and restaurants. Plaintiff is further informed and believes, and based thereon alleges, that Defendant copied Plaintiff's trade name for the specific purposes of infringing upon Trademarks and falsely designating its goods with Plaintiff. Additionally, Plaintiff believes that Defendant is representing that it is associated with, sponsored by, approved by and/or condoned by Plaintiff.

68. Unless enjoined by this Court, Defendant will continue its course of conduct, wrongfully advertising, using, infringing upon, selling and otherwise profiting from Plaintiff's Trademarks and similar goods. As a direct and proximate result of the acts of Defendant, Plaintiff will suffer irreparable damage and will sustain lost profits. Plaintiff will lose the benefit of the advertising and goodwill for which Plaintiff has expended large sums of money, time and effort promoting during the past five years, and Plaintiff will also lose large sums of money in diverted business.

69. Plaintiff has no adequate remedy at law to address all of the injuries

DOCS 120251-000003/2647723.4

Defendant has caused, and intend to cause by their conduct. Plaintiff will suffer irreparable damage and sustain loss of profits until Defendant's actions alleged herein are enjoined by this Court.

## FIFTH CLAIM FOR RELIEF

**(Unfair Competition California Business and Professions Code § 17200 *et seq*)**

70. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 69 of this Complaint as if fully set forth herein.

71. This is a cause of action under California state law pursuant to the Business and Professions Code § 17200 *et seq*.

72. While continuously using its Trademarks in the United States since 2007, Plaintiff has developed valuable goodwill in its Trademarks, which have come to be associated exclusively with Plaintiff's business by the general public throughout the United States.

73. At all times herein mentioned, Defendant had actual knowledge of the existence of Plaintiff's use its Trademarks.

74. Defendant's service name, restaurants, advertising, websites and information on its websites are deceptively similar to Plaintiff's Trademarks and overall advertising method. The use of these deceptively similar advertising methods by Defendant caused and will cause the public, prospective customers, creditors, suppliers and others to confuse Plaintiff with Defendant and vice versa. Plaintiff has made demands on Defendant to cease and desist its infringing acts. Defendant continues to use infringe despite Plaintiff's demand and will continue such use unless enjoined by this Court.

75. Plaintiff is the original user and owner of its "Burger Lounge" Trademarks for use in its restaurants offering grass-fed burgers and related products from local, organic suppliers and the name has acquired, in the minds of the purchasing public, a secondary meaning apart from its primary and descriptive

15
COMPLAINT

significance. It has also become a distinctive trade name denoting to the eye and mind of the public a level of care, skill, industry, reliability, and individuality resulting in a reputation for excellence and high quality foods throughout the United States. Due to such reputation and public awareness, Plaintiff has established considerable goodwill in connection with its "Burger Lounge" Trademarks.

76. Defendant essentially sells the same type of goods as Plaintiff. Defendant, like Plaintiff, is a restaurant chain selling burgers and related products. Defendant's Infringing Marks includes parts very similar to Plaintiff's slogan and almost identical font. Defendant's use of the Infringing Marks creates a likelihood that Plaintiff's current customers, potential customers, and the general public will be confused or misled as to the source of goods because Defendant's business is identical to or appears to be affiliated with Plaintiff. Defendant's conduct amounts to unfair competition prohibited by the California Business and Professions Code.

77. Defendant is using, and unless restrained, will continue to use the Infringing Mark. As a result, the general public will be misled and deceived into believing that Defendant is Plaintiff or that there is an affiliation with Plaintiff, all to the irreparable injury of Plaintiff's business and goodwill, and to the unjust enrichment of Defendant. Plaintiff has no adequate remedy at law because it is extremely difficult to ascertain the damage proximately caused to Plaintiff's business and goodwill.

## SIXTH CLAIM FOR RELIEF

**(Common Law Unfair Competition)**

78. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 77 of this Complaint as if fully set forth herein.

79. Defendant's use of BURGER BOSS, NATURAL | FRESH | GOODNESS and "GRASSFED | NATURAL | GOODNESS" similar fonts and phrases, capitalization method, and similar marketing method constitutes unfair

competition under the common law of the State of California.

80. Through Defendant's use of the Infringing Marks in connection with its restaurants, Defendant is passing off its services as those of Plaintiff's in a manner that is false, misleading, and misrepresentative of the nature, characteristic, and quality of Defendant's restaurants and services.

81. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff will be damaged, and is thus entitled to relief in an amount to be determined according to proof at the time of trial.

## SEVENTH CLAIM FOR RELIEF

**(Negligent Interference with Economic Relations)**

82. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 81 of this Complaint as if fully set forth herein.

83. Plaintiff provides quality products and goods which it markets to the public. Plaintiff's products and goods are well developed and are highly regarded. Plaintiff has extensive experience and involvement with the restaurant industry.

84. Plaintiff derives much of its income from repeat business from its customers. Once a party visits and consumes Plaintiff's products, they generally return in the future. Plaintiff reasonably relies on this return business for much of its income. Plaintiff's ability to earn the overhead and profit generated by these relationships will be directly affected by Defendant's interference with Plaintiff's customers.

85. Defendant knows that Plaintiff is engaged in the business of burgers and related products. Defendant also knows that Plaintiff sells its goods very close to Defendant's existing restaurants.

86. Defendant has negligently obstructed and interfered with Plaintiff's right to conduct business, and the profit generated thereby, thus affecting Plaintiff's ability to successfully operate its business.

DOCS 120251-000003/2647723.4

87. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff will be damaged, and is thus entitled to relief in an amount to be determined according to proof at the time of trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

**ON THE FIRST AND SECOND CAUSES OF ACTION:**

1. That Defendant be adjudged to have infringed Plaintiff's Trademarks and advertising methods in violation of federal law;

2. That Defendant be adjudged to have willfully infringed Plaintiff's Trademarks and advertising methods in violation of federal law;

3. For actual damages according to proof at trial;

4. For damages for lost profits and goodwill in a sum according to proof at trial pursuant to 15 U.S.C. § 1125;

5. For treble damages for willful infringement pursuant to 15 U.S.C. § 1117(b);

6. For disgorgement of Defendants' profits;

7. For injunctive relief;

8. For attorney's fees for wrongful, willful and deliberate action under 17 U.S.C. § 1051, *et seq.*;

9. For costs of suit incurred herein; and

10. For such other and further relief as the Court deems just and proper.

**ON THE THIRD CAUSE OF ACTION:**

11. That Defendants, their agents, servants, officers, directors, employees, representatives and each of them, be enjoined during the pendency of this action and permanently thereafter from using the Infringing Marks or similar advertising methods in any manner, and from the following activities:

12. Soliciting and/or selling products bearing Plaintiff's Trademarks or

advertising method; and

  13. Publishing or distributing advertisements or articles using Plaintiff's Trademarks.

  14. For such other and further relief as the Court deems just and proper.

**ON THE FOURTH, FIFTH AND SIXTH CAUSES OF ACTION:**

  15. For general and special damages in a sum according to proof at trial;

  16. For an award of damages equal to the profit realized from Defendants' conduct, as alleged;

  17. For costs of suit incurred herein;

  18. For any profits obtained by Defendants;

  19. For attorneys' fees, costs, and prejudgment interest; and

  20. For such other and further relief as the Court deems just and proper.

DATED: September 6, 2016    PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

         By: s/Lisel M. Ferguson
           Lisel M. Ferguson
           lisel.ferguson@procopio.com
           Soohyun Park
           stacy.park@procopio.com
           Procopio, Cory, Hargreaves
            and Savitch LLP
           525 B Street, Suite 2200
           San Diego, CA 92101
           Telephone: 619.238.1900
           Facsimile: 619.235.0398

           *Attorneys for Plaintiff*,
           BURGER LOUNGE OF AMERICA, LLC